UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE TAIWAN
HIGH COURT IN TAIPEI, TAIWAN IN
THE MATTER OF YI-CHANG LEE V.
PEI-WEN CHEN

Case No. _____

**EP25MC0247**

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT
## OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, by and through counsel, submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a letters rogatory request from judicial authorities in Taipei, Taiwan, for international judicial assistance to obtain financial records from TD Ameritrade, which is encompassed by Charles Schwab Corporation ("Charles Schwab").

### INTRODUCTION

The request for international judicial assistance comes from the Taiwan High Court in Taipei, Taiwan ("Taiwanese Court"). Specifically, the Taiwanese Court issued a letters rogatory request seeking assistance to obtain financial records for use in *Yi-Chang Lee v. Pei-Wen Chen*, Foreign Reference Number 113-8. *See* Declaration of Trial Attorney Krysta M. Stanford, ¶ 2 &

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

Ex. 1 [hereinafter Stanford Decl.] (letters rogatory request received by the Office of International Judicial Assistance on June 10, 2025).

The facts of this case, as stated in the letters rogatory request, indicate that this is a civil proceeding in which the Taiwanese Court is adjudicating the property distribution following the divorce of the parties. In order to make its determination, the Court is requesting information regarding an account held with TD Ameritrade in 2021.[2]

The Taiwanese Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. through diplomatic channels to be executed as a matter of comity, courtesy, and reciprocity. 28 C.F.R. § 0.49. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

### I. STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced[] before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing

---

[2] Charles Schwab Corporation acquired TD Ameritrade. Our office confirmed via email on June 18, 2024, that Charles Schwab Corporation is the custodian of TD Ameritrade records and will respond to subpoenas seeking information on TD Ameritrade accounts.

produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel*, 542 U.S. 241.

This Court is authorized to provide assistance to the Taiwanese Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012); *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Charles Schwab "resides or is found in" the Western District of Texas because the company's subpoena processing center is located in El Paso, Texas.[3] Second, the letters rogatory request explains that the requested evidence is "for use in a proceeding before a foreign tribunal" as these financial records are needed to adjudicate the distribution of property following the divorce of the parties. *See* Stanford Decl. ¶ 2 & Ex. 1. Third, the letters rogatory request is made by the Taiwanese Court, *id.*, which is a "foreign or international tribunal." 28 U.S.C. § 1782(a).

## II. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to

---

[3] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Taiwanese Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Charles Schwab is not a party to the proceedings and the evidence held by Charles Schwab appears to be outside the jurisdictional reach of the Taiwanese Court because Charles Schwab is physically located in El Paso, Texas and the Taiwanese Court has formally requested the assistance of the United States through diplomatic channels.

With respect to the second factor, there is nothing in the letters rogatory request to suggest that this Court should decline to grant the Application based on the nature of the

Taiwanese Court or the character of the proceedings. Additionally, this request was initiated by the Taiwanese Court and not by an independent party; therefore, the Taiwanese Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure).

With respect to the third factor, because the requester is the Taiwanese Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Taiwanese discovery rules or to thwart the policies of Taiwan. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States. While the records and information sought by the Taiwanese Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the request seeks specific information regarding an account held at TD Ameritrade and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) ("[N]o undue burden exists because the discovery requests being compelled through this Order

are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed based on the 'discovery scope' available in the foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts."). Although the *Mees* court referenced Rule 26 of the Federal Rules of Civil Procedure in analyzing burden, it also cautioned courts to avoid "speculation" about foreign matters. *Id.* at 298-299. Requiring the United States to provide information about the cumulative nature of the evidence requested, whether it is available from other sources, its proportionality, or other factors outlined in Rule 26 would necessarily involve the kind of speculation prohibited by this precedent when, as here, none of the parties to the underlying litigation are before the Court. In addition, the Federal Rules of Civil Procedure governing third-party discovery do not apply to a Commissioner subpoena issued pursuant to § 1782(a) to the extent that the Court's order provides otherwise, and Schwab may mitigate any potential burden by seeking relief through an appropriate motion with the Court. *Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219.

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Taiwanese Court.

## CONCLUSION

Attached to the Declaration of Krysta M. Stanford is the proposed subpoena that this office intends to serve (in substantially similar format) on Charles Schwab Corporation should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Stanford Decl. ¶ 4 & Ex. 3. We respectfully request that the Court order Charles Schwab Corporation to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance for transmission to the Taiwan High Court in Taipei, Taiwan.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney Krysta M. Stanford for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated:   July 2, 2025

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

BRETT A. SHUMATE
Assistant Attorney General

KIESHA M. MINYARD
Acting Director, Office of Foreign Litigation
United States Department of Justice, Civil Division

By: _____
KRYSTA M. STANFORD
Trial Attorney
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8024
Washington, DC 20530
Telephone: 202-353-2148
Email: Krysta.M.Stanford@usdoj.gov